IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

DRESSELS D. FOX,

    Plaintiff,

vs.                                        No. 15-2414-SHM-dkv

AMERICA'S SERVICING COMPANY;
WELLS FARGO BANK, N.A. on behalf
Of U.S. BANK, N.A.; U.S. BANK, N.A.
individually and U.S. BANK, N.A., as
TRUSTEE FOR SECURITIZED ASSET BACKED
RECEIVABLES LLC TRUST 2006-NC1,
MORTGAGE PASS THROUGH CERTIFICATES,
SERIES 2006-NC1; SECURITIZED ASSET
BACKED RECEIVABLES LLC TRUST 2006-NC1,
MORTGAGE PASS THROUGH CERTIFICATES,
SERIES 2006-NC1; and WILSON &
ASSOCIATES, PLLC,

    Defendants.

---

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS

---

On June 18, 2015, the plaintiff, Dressels D. Fox ("Fox"),
filed a *pro se* complaint against the defendants, Wells Fargo
Bank, N.A. ("Wells Fargo"), America's Servicing Company — a
d/b/a of Wells Fargo, U.S. Bank N.A. ("U.S. Bank"), Securitized
Asset Backed Receivables LLC Trust 2006-NC1 ("the Trust"), and
Wilson & Associates, PLLC ("Wilson & Associates") (collectively
"the Defendants"), asserting violations of the Fair Debt
Collection Practices Act ("FDCPA"), the Fair Credit Reporting
Act ("FCRA"), and Tennessee law. (Compl., ECF No. 1.) This

case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order, 2013-05, Apr. 29, 2103.)

Wilson & Associates filed a "Verified Denial and Answer" on August 18, 2015, requesting that Fox's complaint be dismissed as to Wilson & Associates because it contains "no allegations against [Wilson & Associates] which are outside of its role as trustee." (ECF No. 17.) On August 10, 2015, the remaining defendants filed a motion to dismiss the complaint for failure to state a claim. (ECF No. 12.)[1] Fox responded to these motions to dismiss on September 10, 2015. (ECF No. 18.) Defendants Wells Fargo, America's Servicing Company, U.S. Bank, and the Trust filed a reply on September 24, 2015. (ECF No. 24.) For the reasons that follow, the court recommends that the Defendants' motions to dismiss be granted in full and that Fox's complaint be dismissed.

## I. PROPOSED FINDINGS OF FACT

On September 14, 2005, Fox executed a promissory note ("Note") payable to New Century Mortgage Corporation ("New Century") in the principal amount of $128,720.00, along with a

---

[1]Although Fox names America's Servicing Company as a defendant in this suit, there are no claims asserted against America's Servicing Company. (*See* Compl., ECF No. 1.) Therefore, the court recommends that the complaint be dismissed as to America's Servicing Company.

Deed of Trust, which granted and conveyed to New Century the residential property at 8212 Creekside Circle North, Cordova, TN 38106 ("the Property"). (Deed of Trust, ECF No. 1-1.) On December 24, 2012, New Century executed a Corporate Assignment of Deed of Trust to U.S. Bank. (ECF No. 1-4.)[2]

On December 9, 2012, Fox received a letter stating that his mortgage payments were past due. (ECF No. 1-6.) On March 16, 2015, Fox received a letter from Wilson & Associates[3] stating, *inter alia*, that: (1) Fox was in default and the debt had been accelerated; (2) Fox had the right to reinstate the loan after acceleration and a right to assert in any foreclosure proceeding that no default exists; and (3) Fox had the right to dispute the validity of the debt within thirty days of receipt of the letter. (ECF No. 1-2.) On April 16, 2015, Fox received a letter from Wilson & Associates notifying him that a foreclosure sale was scheduled for May 15, 2015. (ECF No. 1-3.)

On April 23, 2015, Fox sent a letter to America's Servicing Company, a d/b/a/ of Wells Fargo, requesting validation of the debt. (ECF No. 1-7.) On May 12, 2015, America's Servicing Company sent a letter to Fox validating the debt. (ECF No. 1-8.) Enclosed in the letter was the Deed of Trust and

---

[2]The assignment from New Century to U.S. Bank is recorded with the Shelby County Register as Instrument No. 13001070.

[3]Wilson & Associates were retained by Wells Fargo on behalf of U.S. Bank, as trustee for the Trust. (ECF No. 1-2.)

Assignments, the Note, a Loan Information Report, the recent correspondence between the parties, the name and address of the owner of the loan, and the payment history from May 25, 2012 to May 1, 2015. (*Id.*) Thereafter, the foreclosure sale occurred on May 15, 2015. (ECF No. 12-2.)[4]

Based on these transactions, Fox sets forth the following causes of action: (1) "Accounting;" (2) Violation of FDCPA; (3) Violation of the Tennessee Collection Service Act ("TCSA") and the Tennessee Consumer Protection Act ("TCPA"); (4) Violation of FCRA; and (5) Invasion of Privacy. (Compl. ¶¶ 63-103, ECF No. 1.)

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79

---

[4]The court may consider "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint,'" without converting the motion to one for summary judgment. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)(quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997); *see also  Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011)(quoting *Bassett v. Nat. Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court may also consider "documents that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim." *Amini*, 259 F.3d at 502 (internal quotations and citations omitted).

(2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383

(internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B. Fox's "Accounting" Claim – First Cause of Action

Fox states that he does not understand why the amount owed as of March 16, 2015 is higher than the amount borrowed under

the Deed of Trust and demands that Wilson & Associates, Wells Fargo, U.S. Bank, and the Trust "be ordered to provide a verified written accounting of all sums allegedly due under the terms of the alleged original written contract." (Compl. ¶¶ 65-68, ECF No. 1.) There is no cause of action for "accounting." Fox's "accounting" claim is in fact a request for relief. In order to be entitled to any relief, Fox must first show a violation of relevant law. The crux of Fox's "accounting" claim is that the Defendants "lack [] clear chain of title due to . . . defective assignments." (*Id.* ¶ 67.)

Fox lacks standing to challenge any assignment of the Note because courts have routinely found that a debtor may not challenge an assignment between an assignor and assignee. *In re Cook*, 457 F.3d 561, 567 (6th Cir. 2006) ("[B]ecause neither the debtors nor the Trustee [were] parties to the [assignment] . . . [t]hey lack standing to enforce it."); *Bridge v. Aames Capital Corp.,* No. 109CV2947, 2010 WL 3834059, at *4 (N.D. Ohio Sept. 29, 2010)(holding that the plaintiff lacked standing to challenge assignment of the mortgage because she was not a party to the transfer); *Livonia Prop. Holdings v. Farmington Road Holdings,* 717 F. Supp. 2d 724, 735 (E.D. Mich. 2010)(holding that the plaintiff borrower did not have standing to dispute the validity of an assignment between assignor and assignee because plaintiff was "a non-party to those documents"). Because Fox

was not a party to the transfer nor were his contractual obligations under the Deed of Trust affected in any way, he lacks standing to challenge any assignment of the loan.[5]

Even assuming that Fox can challenge the assignments of the Note, there is no evidence in the record showing that the assignments were invalid. The Deed of Trust clearly states that the Note could be sold one or more times without prior notice to Fox. (Deed of Trust ¶ 20, ECF No. 1-1.) The record shows on December 24, 2012, "New Century Mortgage Corporation by Wells Fargo Bank, N.A., as their attorney-in-fact" assigned the Deed of Trust to "U.S. Bank National Association, as Trustee for Securitized Asset Backed Receivables LLC Trust 2006-NC1, Mortgage Pass Through Certificates, Series 2006-NC1." (ECF No. 1-4.) The transfer was memorialized by recorded assignment of the Deed of Trust on January 3, 2013. (*Id.*) The assignment was

_____

[5]In his response to the Defendants' motions to dismiss, Fox's asserts that his loan was not transferred to a trust correctly and that the Defendants have violated the Pooling and Service Agreement ("PSA") of the Trust. (Fox's Resp. ¶¶ 15, 29, ECF No. 18.) Fox does not have standing to challenge the PSA. "Courts have consistently rejected borrowers' requests to have mortgage assignments and foreclosures invalidated due to non-compliance with PSA provisions, based on the borrowers' lack of standing." *Dauenhauer v. Bank of N. Y. Mellon*, No. 3:12-CV-01026, 2013 WL 2359602, at *5 (M.D. Tenn. May 28, 2013) *aff'd*, 562 F. App'x 473 (6th Cir. 2014); *see also Livonia Prop. Holdings,* 717 F. Supp. 2d at 748 (finding that the plaintiff did not have standing to challenge compliance with the PSA because he was not a party to the agreement). Fox was not a party to the PSA at issue, and therefore, he lacks standing to challenge any non-compliance with PSA provisions.

therefore valid and U.S. Bank, as trustee, had authority to enforce the Deed of Trust once Fox defaulted on his mortgage payments. Therefore, the court finds that the assignment is valid and Fox's "accounting" cause of action based on defective assignment should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[6]

C.  Fox's FDCPA Claims – Second Cause of Action

In his complaint, Fox alleges that the Defendants violated various sections of the FDCPA. (Compl. ¶¶ 69-86, ECF No. 1.) Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). 15 U.S.C. § 1692g requires a debt collector to send the consumer, within five days after the initial communication, a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and statements of consumer's rights to request validation of the debt. 15 U.S.C. § 1692g(a)(emphasis added). Once the consumer receives the initial notice, he may send a written request within thirty days for verification of the debt, which the debt collector must respond to by obtaining and mailing to the consumer *verification* of the debt or a copy of a judgment against the consumer. 15 U.S.C. § 1692g(b)(emphasis added).

---

[6]Moreover, Wells Fargo provided a loan payment history from May 2012 through May 2015 as part of the validation of the mortgage debt. (ECF No. 1-8.)

Here, the exhibits to Fox's complaint show that on March 16, 2015, Wilson & Associates, retained by Wells Fargo on behalf of U.S. Bank, sent to Fox a written notice that contained the amount of the debt, the name of the creditor, and a statement that Fox had the right to request a validation of the debt within thirty days. (ECF No. 1-2.) Fox requested a validation of the debt on April 23, 2015, (ECF No. 1-7), and, on May 12, 2015, Wells Fargo sent a letter to Fox validating the debt, (ECF No. 1-8). Wells Fargo's letter informed Fox that the account originated with New Century and provided him with the Deed of Trust, Note, Assignment, and a Loan Information Report. (*Id.*) Further, Wells Fargo informed Fox that his account was due for the October 1, 2014 through March 1, 2015 payments and sent Fox a payment history from May 25, 2012 through May 1, 2015. (*Id.*)

The Sixth Circuit has stated that "the 'baseline' for verification is to enable the consumer to 'sufficiently dispute the payment obligation.'" *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785 (6th Cir. 2014). "[A]n itemized accounting detailing the transactions in an account that have led to the debt is often the best means of accomplishing that objective." *Id.* Here, Fox incurred a debt after failing to make payments from October 1, 2014 through March 1, 2015 and Wells Fargo sent Fox a payment history detailing the transactions starting from May 25, 2012. (ECF No.

1-8.)  Therefore, Wells Fargo's payment history served as sufficient verification of a debt so as to bar claims for violation of 15 U.S.C. § 1692g(b).

Fox further asserts that the Defendants "have failed to provide verified proof of [the] alleged debt, for lack of supportive affidavit from a competent fact witness that the said documents are true, correct and complete under penalty of perjury." (Compl. ¶ 74, ECF No. 1.)  There is no legal support for Fox's assertion that the validation of the debt requires sworn affidavit testimony.

Fox also lists violations of other FDCPA provisions without specifying any underlying facts that support each purported violation.  For instance, Fox alleges the Defendants violated 15 U.S.C. § 1692d "by engaging in conduct, the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt." (*Id.* ¶ 77(a).)  Fox merely states the statute verbatim and does not allege factual circumstances that would constitute harassment, oppression or abuse.

Fox further states that the Defendants violated 15 U.S.C. § 1692j by making false statements of material fact, 15 U.S.C. § 1692e(6)(B) by falsely communicating to Fox that they are entitled to the collateral upon the assignment of the Deed of Trust, and 15 U.S.C. § 1692f by using unfair or unconscionable

means to collect the debt. (*Id.* ¶ 77(b)-(d).) These claims are based on Fox's assertion that the Defendants do not have authority to enforce the Deed of Trust due to defective assignment. The court has already determined that the assignment was valid and that the Defendants are entitled to enforce the Deed of Trust. Therefore, these claims fail as a matter of law.

To conclude, Fox's complaint contains only bare bones conclusory allegations that are insufficient under *Twombly* and *Iqbal* to state a claim. Fox's blanket allegations are unsupported by facts or documentation to show how the Defendants have violated the various sections of the FDCPA. Therefore, the court recommends that Fox's FDCPA claim be dismissed for failure to state a claim upon which relief may be granted.

D.  Fox's TCSA[7] & TCPA Claim - Third Cause of Action

In his complaint, Fox argues that the Defendants' violations of the FDCPA "created violations of the [TCSA] and [TCPA]. (Compl. ¶ 88, ECF No. 1.) As to TCSA violations, Fox states that the Defendants sent statements to Fox that overshadowed and were inconsistent with the disclosures required by 15 U.S.C. § 1692g. (*Id.* ¶ 89.) The court has already determined that the Defendants have not violated 15 U.S.C. §

_____

[7]Fox erroneously refers to the Tennessee Collection Service Act as the Tennessee Fair Debt Collection Practices Act. (Compl. ¶ 88, ECF No. 1.)

1692g, and therefore, Fox's claim that, by violating the FDCPA, the Defendants violated the TCSA must also fail. Moreover, there is no private cause of action under the TCSA. *Hunter v. Wash. Mut. Bank*, No. 2:08-CV-069, 2008 WL 4206604, at *6 (E.D. Tenn. Sept. 10, 2008).

As to the TCPA, Fox states that the Defendants violated the TCPA by "using false representations or deceptive means to collect a debt or obtain information concerning a consumer." (Compl. ¶ 90, ECF No. 1.) The TCPA is intended to "protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-102(2).

Foreclosure proceedings are not covered by the TCPA. *Pursell v. Fist Am. Nat'l Bank*, 937 S.W.2d 838, 841-42 (Tenn. 1996); *Peoples v. Bank of Am.*, No. 11-2868-STA, 2012 WL 601777, at *9 (W.D. Tenn. Feb. 22, 2012)(stating that courts in Tennessee "have consistently held that the TCPA does not reach the manner in which a lender conducts foreclosure proceedings"); *Simms v. Cit Grp./Consumer Fin.*, No. 08-2655-STA, 2009 WL 973011, at *9 (W.D. Tenn. Apr. 9, 2009)(finding that TCPA does not apply to deceptive conduct during foreclosure proceedings); *Hunter*, 2008 WL 4206604, at *5 ("The Supreme Court of Tennessee has held that the TCPA does not apply to repossession and collateral disposition activities because that conduct does not

affect 'the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property" as required by the TCPA.'" (citing *Pursell*)). Thus, to the extent the Fox's TCPA claim is based upon alleged deceptive conduct in the debt collection and foreclosure process, it fails as a matter of law.

Even if the TCPA was applicable, Fox has not specifically pled any actions by the Defendants that constituted unfair or deceptive conduct. "Courts applying the TCPA have held that a plaintiff must plead with particularity the circumstances of the unfair or deceptive conduct." *Peoples*, 2012 WL 601777, at *9 (citing *Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 273, 276 (Tenn. Ct. App. 1999)). Fox's claim again rests on his assertion that the Defendants did not have authority to collect the debt and to foreclose on the Property. Because the undisputed evidence shows that the Defendants possessed the right to enforce the Deed of Trust, Fox's TCPA claim is meritless.

E.  <u>Fox's FCRA Claim – Fourth Cause of Action</u>

In support of his FCRA claim, Fox states that "Wells Fargo failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Fox's credit report, concerning the accounts in question." (Compl. ¶ 94, ECF No. 1.) Fox further asserts that "[o]n or about June 16, 2015 Fox

checked his credit score and [] found that it ha[d] been lowered." (*Id.* ¶ 95.)

"The FCRA, 15 U.S.C. § 1681 *et seq.*, . . . is designed to protect consumers from inaccurate information in consumer reports by establishing credit reporting procedures which 'utilize correct, relevant and up-to-date information in a confidential and responsible manner.'" *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 843-44 (6th Cir. 2004)(quoting *Jones v. Federated Fin. Reserve Corp.,* 144 F.3d 961, 965 (6th Cir. 1998)). "The FCRA imposes distinct obligations on three types of entities: (1) consumer reporting agencies: (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Id.* at 844 (citing *Carney v. Experian Info. Solutions, Inc.,* 57 F. Supp. 2d 496, 500 (W.D. Tenn. 1999)). The court assumes that Fox purports to hold Wells Fargo liable as a furnisher of information to consumer reporting agencies.

Wells Fargo's statutory duties as a furnisher of information to credit reporting agencies are set forth in 15 U.S.C. § 1681s-2. First, furnishers have a duty to provide accurate credit information to a consumer reporting agency. 15 U.S.C. § 1681s-2(a). Second, if a consumer reporting agency asks the furnisher to respond to a dispute about the information provided, the furnisher must conduct an investigation with

respect to the disputed information and report the results to the consumer reporting agency. *Id.* § 1681s-2(b). There is no private right of action for consumers to enforce § 1681s-2(a). *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012). While the FCRA created a private right of action to enforce § 1681s-2(b), "consumers may step in to enforce their rights only after a furnisher has received proper notice of a dispute from a [consumer reporting agency]." *Id.* at 615-16.

Here, Fox has conclusorily alleged that Wells Fargo willfully damaged his credit report. (Compl. ¶¶ 94-95, ECF No. 1). Fox does not allege that he raised a dispute with a credit reporting agency, that the credit reporting agency notified Wells Fargo of the dispute, and that Wells Fargo failed to conduct an appropriate investigation into the dispute. Fox's allegations are insufficient to place Wells Fargo on notice of any violation of the FCRA, and therefore, it is recommended that Fox's FCRA claim against Wells Fargo be dismissed.

F.   Fox's Invasion of Privacy Claim – Fifth Cause of Action

In his fifth cause of action, Fox maintains that Wells Fargo "illegally obtained Fox['s] consumer report(s)," and that Wells Fargo illegally obtained Fox's social security number. (Compl. ¶¶ 100-101, ECF No. 1.)

Tennessee recognizes a cause of action for invasion of privacy. *West v. Media Gen. Convergence, Inc.*, 53 S.W.3d 640,

643 (Tenn. 2001)(citing *Langford v. Vanderbilt Univ.,* 199 Tenn.
389, 287 S.W.2d 38 (1956)). The tort of invasion of privacy is
divided into four categories: (1) unreasonable intrusion upon
the seclusion of another; (2) appropriation of another's name
and likeness; (3) public disclosure of private facts; and (4)
placing another in a false light to the public. *Id.* at 642-43
(citing Restatement (Second) of Torts § 652A-E (1977)). It
appears that Fox's claim for invasion of privacy is based on the
theory that Wells Fargo unreasonably intruded upon his
seclusion.

To successfully plead an invasion of privacy claim for
unreasonable intrusion upon seclusion, a plaintiff must allege
the following essential elements:

> (1) that the information sought by the opposing party
> was not properly discoverable or was otherwise subject
> to some form of privilege; (2) that the opposing party
> knew that the information was not discoverable or was
> subject to privilege, but nevertheless proceeded to
> obtain the information; (3) that the obtaining of such
> information would be highly offensive to a reasonable
> person; and (4) that injury was suffered from the
> invasion of privacy.

*Givens v. Mullikin*, 75 S.W.3d 383, 412 (Tenn. 2002).

As to the first prong, even assuming that Wells Fargo
obtained a copy of Fox's consumer credit report, the report was
properly discoverable under the FCRA. The FCRA provides that a
consumer reporting agency may furnish a consumer report to a
person which it has reason to believe "intends to use the

17

information in connection with . . . [a] review or collection of an account of [] the consumer." 15 U.S.C. § 1681b(a)(3)(A). Fox himself alleges in his complaint that Wells Fargo attempted to collect on Fox's debt. (Compl. ¶ 10, ECF No. 1; ECF No. 1-2.) Because debt collection is a permissible purpose under § 1681b, the credit report furnished to Wells Fargo was properly discoverable. *See Carlisle v. Portfolio Recovery Associates, Inc.*, No. 1:13-CV-209, 2014 WL 4829023, at *2 (E.D. Tenn. Sept. 29, 2014).

Fox has also failed to properly allege the remaining prongs of his invasion of privacy claim. Fox does not set forth facts from which the court can infer that Wells Fargo knew that the credit report was not discoverable, that the obtaining of the credit report would be highly offensive to a reasonable person, or that Fox suffered any injuries. Therefore, the court recommends that Fox's invasion of privacy claim against Wells Fargo be dismissed for failure to state a claim.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Defendants' motions to dismiss be granted and that Fox's claims against all Defendants be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted this 26th day of October, 2015.

s/Diane K. Vescovo
_____
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE


NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.