IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DRESSELS D. FOX,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | No. 15-02414 |
| ) | |
| **AMERICA'S SERVICING COMPANY;** ) | |
| **WELLS FARGO BANK, N.A.** on ) | |
| behalf of **U.S. BANK, N.A.;** ) | |
| **U.S. BANK, N.A.** individually ) | |
| and **U.S. BANK, N.A.,** as ) | |
| **TRUSTEE FOR SECURITIZED ASSET** ) | |
| **BACKED RECEIVABLES LLC TRUST** ) | |
| **2006-NC1, MORTGAGE PASS** ) | |
| **THROUGH CERTIFICATES, SERIES** ) | |
| **2006-NC1; SECURITIZED ASSET** ) | |
| **BACKED RECEIVABLES LLC TRUST** ) | |
| **2006-NC1, MORTGAGE PASS** ) | |
| **THROUGH CERTIFICATES, SERIES** ) | |
| **2006-NC1;** and **WILSON &** ) | |
| **ASSOCIATES, PLLC,** ) | |
| ) | |
|     **Defendants.** ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's October 26, 2015 Report and Recommendation (the "Report") recommending that the Court grant Defendants America's Servicing Company ("ASC"), Wells Fargo Bank, N.A. ("Wells Fargo"), and U.S. Bank, N.A.'s ("U.S. Bank") August 10, 2015 Motion to Dismiss for Failure to State a Claim, and grant Defendant Wilson & Associates,

P.L.L.C.'s ("W&A") request for dismissal.[1] (Mot., ECF No. 12; Report and Rec., ECF No. 27.) Plaintiff Dressels D. Fox ("Fox") filed an Objection to the Report on November 10, 2015. (Obj., ECF No. 28.) For the following reasons, the Magistrate Judge's Report is ADOPTED and the case is DISMISSED.

**I. Background**

On September 14, 2005, Fox executed a promissory note (the "Note") payable to New Century Mortgage Corporation ("New Century") in the principal amount of $128,720.00, along with a Deed of Trust, which granted and conveyed to New Century the residential property at 8212 Creekside Circle North in Cordova, Tennessee ("the Property"). (Deed of Trust, ECF No. 1-1.) On December 24, 2012, New Century executed a Corporate Assignment of Deed of Trust to U.S. Bank. (Corporate Assignment, ECF No. 1-4.)

On December 9, 2012, Fox received a letter stating that his mortgage payments were past due. (Letter, ECF No. 1-6.) On March 16, 2015, Fox received a letter from W&A stating that: (1) Fox was in default and the debt had been accelerated; (2) he had the right to reinstate the loan after acceleration and a right to assert in any foreclosure proceeding that no default existed; and (3) he had the right to dispute the validity of the debt

---

[1] W&A did not file a Motion to Dismiss. In its Verified Denial and Answer to the Complaint, W&A asked that it be "dismissed from this matter," because "Plaintiff has failed to state a claim upon which relief can be granted against W&A." (Answer, ECF No. 17 at 9.)

2

within thirty days of receipt of the letter. (Letter, ECF No. 1-2.) On April 16, 2015, Fox received a letter from W&A notifying him that a foreclosure sale was scheduled for May 15, 2015. (Letter, ECF No. 1-3.)

On April 23, 2015, Fox sent a letter to ASC, requesting validation of the debt. (Letter, ECF No. 1-7.) On May 12, 2015, ASC sent a letter to Fox validating the debt. (Letter, ECF No. 1-8.) Enclosed with the letter were the Deed of Trust and Assignments, the Note, a Loan Information Report, the recent correspondence between the parties, the name and address of the loan owner, and the payment history for the previous three years. (Id.) The foreclosure sale occurred as scheduled on May 15, 2015. (Trustee's Deed, ECF No. 12-2 at 2.)[2]

Based on these transactions, Fox's Complaint alleges five causes of action: (1) "accounting"; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (3) violation of the Tennessee Collection Service Act ("TSCA"),[3] Tenn. Code Ann. §§ 62-20-101, et seq., and the Tennessee

---

[2] The court may consider "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint,'" without converting the motion to one for summary judgment. Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001)(quoting Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997)); see also Rondigo, L.L.C. v. Twp. of Richmond, 641 F.3d 673, 680-81 (6th Cir. 2011) (quoting Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008)). The court may also consider "documents that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim." Amini, 259 F.3d at 502 (internal quotations and citations omitted).
[3] Fox refers to the TSCA as the "Tennessee Fair Debt Collection Practices Act." (Compl., ECF No. 1 at 17.)

3

Consumer Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-101, et seq.; (4) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; and (5) invasion of privacy. (Compl., ECF No. 1 at 13-20.)

**II. Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is

4

tantamount to a complete failure to object." Zimmerman v. Cason, 354 F. App'x 228, 230 (6th Cir. 2009). Parties cannot validly object to a magistrate's report without explaining the source of the error. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

**III. Analysis**

**A.  Accounting Claim**

In his Complaint, Fox states that he "does not understand" why the amount of money he owes as of March 16, 2015, is higher than the amount he originally borrowed. (Compl., ECF No. 1 at 13.) He alleges a "lack of clear chain of title" as well as "defective and fraudulent assignments." (Id. at 13-14.) He seeks an order compelling Defendants to provide a "verified written accounting of all sums allegedly due." (Id.)

The Magistrate Judge concludes that Fox lacks standing to challenge subsequent assignments of the Note. (Report and Rec., ECF No. 27 at 7.) In his Objection, Fox argues that "he [is] the one and ONLY one to have standing in this case and to challenge the assignment as [he is a] party to the alleged TRUST that is the alleged Lender of the Loan." (Obj., ECF No. 28 at 6.)

Although Fox may have executed the original Note and Deed, without more a debtor may not challenge a subsequent assignment. Bridge v. Aames Capital Corp., 2010 WL 3834059 at *4 (N.D. Ohio

5

Sept. 29, 2010); Livonia Prop. Holdings v. Farmington Road Holdings, 717 F. Supp. 2d 724, 735 (E.D. Mich. 2010). That is true even when the debtor alleges, as Fox does, that his loan was transferred to a trust in violation of the trust's pooling and service agreement. Dauenhauer v. Bank of N.Y. Mellon, 2013 WL 2359602 at *5 (M.D. Tenn. May 28, 2013), aff'd, 562 F. App'x 473 (6th Cir. 2014).

Fox makes no argument and offers no authority to rebut the Magistrate Judge's conclusion. Fox's claim for accounting predicated on a lack of clear chain of title or defective assignment must be DISMISSED.

**B. FDCPA Claim**

Fox alleges that Defendants failed to provide verification of the debt, despite his request, and failed to cease collection activity until verification was provided, in violation of 15 U.S.C. § 1692g(a). (Compl., ECF No. 1 at 14-15.) He alleges that Defendants' collection practices violated numerous provisions of the FDCPA, including false statements of material fact, unfair and unconscionable means of collection, and harassment, oppression, and abuse, among others. (Id. at 15-17.)

The Magistrate Judge concludes that the exhibits attached to Fox's Complaint were adequate verification. (Report and Rec., ECF No. 27 at 10.) After requesting verification, Fox

received a letter within 30 days informing him of the account origination, accompanied by the Deed of Trust, Note, Assignment, and a Loan Information Report, sufficient to satisfy the requirements of the FDCPA. (Letter, ECF No. 1-8; Report and Rec., ECF No. 27 at 10-11.) The Magistrate Judge also concludes that, other than reciting the statute verbatim, Fox makes no factual allegations in his Complaint to support his additional claims about collection practices. (Report and Rec., ECF No. 27 at 11-12.)

In his Objection, Fox states that debt verification "requires sworn affidavit testimony," which he was not provided, citing the definition of "verification" in Black's Law Dictionary. (Obj., ECF No. 28 at 8-9.) Black's Law Dictionary is not binding on the Court. The Court of Appeals for the Sixth Circuit has opined that "the 'baseline' for verification is to enable the consumer to 'sufficiently dispute the payment obligation,'" and that "an itemized accounting detailing the transactions in an account . . . is often the best means of accomplishing that objective." Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC, 758 F.3d 777, 785 (6th Cir. 2014). Fox was provided with a payment history for the three previous years, among many other documents and reports. Sworn affidavit testimony was not required.

7

Fox makes no argument that his Complaint sufficiently alleges his FDCPA claim about collection practices. He restates and rephrases sections of the FDCPA itself. (Id. at 15-16.) He does not offer any new facts. He does not seek to amend his Complaint. The FDCPA claim must be DISMISSED.

**C. TCSA and TCPA Claims**

Fox alleges that Defendants' "violations of FDCPA . . . created violations of the" TCPA and TCSA. (Compl., ECF No. 1 at 17-18.) He claims that, by failing to meet the disclosure requirements of the FDCPA in 15 U.S.C. § 1692g(a), Defendants violated the TCSA, and by "using false representations or deceptive means," they violated the TCPA. (Id. at 18.)

In her Report, the Magistrate Judge draws two conclusions about these claims. First, she concludes that the TCPA does not apply to foreclosure proceedings. (Report and Rec., ECF No. 27 at 13 (citing Pursell v. First Am. Nat'l Bank, 937 S.W.2d 838, 841-42 (Tenn. 1996); Peoples v. Bank of Am., 2012 WL 601777 at *9 (W.D. Tenn. Feb. 22, 2012).) Second, she concludes that there is no private cause of action under the TCSA. (Id. (citing Hunter v. Wash. Mut. Bank, 2008 WL 4206604 at *6 (E.D. Tenn. Sept. 10, 2008).) She recommends that the TCSA and TCPA claims be dismissed.

In his Objection, Fox first reiterates the alleged violations of the FDCPA. (Obj., ECF No. 28 at 10-11.) For the

8

reasons stated above, the FDCPA claim is dismissed and provides no support for a TCSA claim. Next, Fox states, without legal support or argument, that "this is an illegal debt collection not a FORECLOSURE." (Id.) That contradicts his Complaint, in which he premises his claims on allegations that the Defendants "lack standing to foreclose" and improperly provided "notice of foreclosure." (Id. at 4, 13.) In his Complaint, he argues that the Sixth Circuit has "held that mortgage foreclosure IS debt collection under the FDCPA." (Id. at 4, 14 (citing Glazer v. Chase Home Finance, LLC, 704 F.3d 453 (6th Cir. 2013)).) That holding was specific to the FDCPA and does not apply to the TCPA.

Even if Glazer did apply, Fox makes no factual allegations in his Complaint about false representation or deceptive means. He simply states his conclusory allegations and restates the relevant statutory language. Fox does not offer any additional facts or seek to amend his Complaint. The TCSA and TCPA claims must be DISMISSED.

    **D. FCRA Claim**

Fox alleges that Defendant Wells Fargo "failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of FOX's credit report" and failed "to conduct a proper and lawful reinvestigation," in violation of the FCRA.

(Compl., ECF No. 1 at 18-19.)  Fox alleges that his credit score was lowered because of these failings.  (Id. at 19.)

In her Report, the Magistrate Judge concludes that the FCRA imposes two distinct duties on furnishers of information for credit reports.  (Report and Rec., ECF No. 27 at 15.)  First, they must provide accurate credit information to consumer reporting agencies.  15 U.S.C. § 1681s-2(a).  Second, if a consumer reporting agency asks the furnisher to respond to a dispute about the information provided, the furnisher must investigate the disputed information and report the results to the consumer reporting agency.  Id. § 1681s-2(b).

The Magistrate Judge concludes that consumers have no private right of action to enforce § 1681s-2(a).  (Report and Rec., ECF No. 27 at 16 (citing Boggio v. USAA Fed. Sav. Bank, 696 F.3d 611, 615 (6th Cir. 2012).)  She also concludes that, although consumers may bring a cause of action under § 1681s-2(b), they may do so "only after a furnisher has received proper notice of a dispute from" a consumer reporting agency.  (Id. (citing Boggio, 696 F.3d at 615-16).)

In his Objection, Fox does not challenge these conclusions. Rather, he alleges that "FOX notified WELLS FARGO of its dispute by mail."  (Obj., ECF No. 28 at 11.)  That was not alleged in the Complaint and is beyond the Court's consideration in deciding the Motion to Dismiss.  Amini, 259 F.3d at 502.  Fox

does not allege the predicate to his cause of action, that Wells Fargo received notice from a <u>consumer reporting agency</u>. He makes no argument that such a notice was not required under § 1681s-2(b). The FCRA claim must be DISMISSED.

**E. Invasion of Privacy Claim**

Fox alleges that Wells Fargo "illegally obtained FOX['s] consumer credit report(s)" and that Wells Fargo illegally "obtained FOX['s] social security number." (Compl., ECF No. 1 at 19-20.) Fox alleges that these actions constitute an invasion of privacy. (Id.)

In her Report, the Magistrate Judge concludes that Tennessee recognizes a cause of action for invasion of privacy in four circumstances: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of another's name and likeness; (3) public disclosure of private facts; and (4) placing another in a false light to the public. (Report and Rec., ECF No. 27 at 16-17 (citing <u>West v. Media Gen. Convergence, Inc.</u>, 53 S.W.3d 640 (Tenn. 2001); Rest. 2d Torts § 652A-E (1977).) The Magistrate Judge concludes that Fox has failed to allege the elements of any of the four circumstances in which privacy might be invaded. (Id. at 17-18.)

In his Objection, Fox makes no argument and cites no law challenging the Magistrate Judge's proposed conclusion. Rather, Fox reasserts his FDCPA claim and seeks to set forth a new claim

11

under Tenn. Code Ann. § 47-18-104.  (Obj., ECF No. 28 at 12-13.) Fox's FDCPA claims must be dismissed for the reasons already stated.  His new claim under § 47-18-104 is not properly raised in an Objection to a Report and Recommendation.  For the reasons given by the Magistrate Judge, Fox's unspecific claim for invasion of privacy must be DISMISSED.

**IV. Conclusion**

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED and the case is DISMISSED.

So ordered this <u>23rd</u> day of November, 2015.

>                             /s/ Samuel H. Mays, Jr.\_\_\_\_\_
>                             SAMUEL H. MAYS, JR.
>                             UNITED STATES DISTRICT JUDGE